UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) CRIMINAL ACTION |
| v. | ) |
| | ) NO. 04-10299-PBS |
| HOWARD GREENBERG | ) |
| | ) |
| | ) |

UNITED STATES' RESPONSE TO DEFENDANT GREENBERG'S
MOTIONS FOR SEQUESTRATION OF WITNESSES; FOR PREVENTING
THE GOVERNMENT FROM HANDING OVER JENCKS MATERIAL IN THE
PRESENCE OF THE JURY; AND FOR ORDER ON JOINT DEFENSE OBJECTIONS

The United States respectfully responds to defendant HOWARD GREENBERG's three pre-trial motions.  First, the government does not object to defendant's motion for the sequestration of witnesses, but requests that the government be able to have the DEA case agent at counsel table during the trial.  Second, the government objects to defendant's motion for an order preventing the government from producing Jencks material in front of the jury since the government will provide all such materials before trial.  Third, the government does not object to defendant's motion for an order allowing for joint defense objections.

(1) Defendant's Motion for Sequestration of Witnesses:

The government does not object to defendant's motion for an order of sequestration of witnesses under Fed. R. Evid. 615, but requests that the government be permitted to have the case agent in this matter, DEA Special Agent Jean Drouin, at government counsel table throughout the duration of the trial.

Many circuits recognize a "case agent" exception to the

typical rule of sequestration, basing the exception on Fed. R. Evid. 615. See United States v. Machor, 879 F.2d 945, 953 (1st Cir.1989); see also United States v. Robles-Pantoja, 887 F.2d 1250, 1256-57 (5th Cir.1989); United States v. Adamo, 882 F.2d 1218, 1235 (7th Cir.1989); United States v. Parodi, 703 F.2d 768, 773 (4th Cir.1983); United States v. Butera, 677 F.2d 1376, 1381 (11th Cir.1982); United States v. Perry, 643 F.2d 38, 53 (2d Cir.). These cases hold that the government case agent responsible for a particular investigation should be permitted to remain in the courtroom, even though the agent will often testify later on behalf of the government. Such an exception is envisioned by Rule 615(2), and it is further supported by legislative history:

> "Many district courts permit government counsel to have an investigative agent at counsel table throughout the trial although the agent is or may be a witness. The practice is permitted as an exception to the rule of exclusion and compares with the situation defense counsel finds himself in--he always has the client with him to consult during the trial. The investigative agent's presence may be extremely important to government counsel, especially when the case is complex or involves some specialized subject matter. The agent, too, having lived with the case for a long time, may be able to assist in meeting trial surprises where the best-prepared counsel would otherwise have difficulty.... Furthermore, it could be dangerous to use the agent as a witness as early in the case as possible, so that he might then help counsel as a non-witness, since the agent's testimony could be needed in rebuttal. Using another, non-witness agent from the same investigative agency would not generally meet government counsel's needs."
>
> Senate Report 93-1277, as quoted in 10 *Moore's Federal Practice 2d* § 615.01 (1988).
>
> In United States v. Machor, 870 F.2d 945, the Court took the

particularly strong view that not only did the government's case agent fall within an exception to the sequestration rule as the government's representative, but that the trial court did not have discretion to order the sequestration of the case agent from the courtroom: "'[t]he majority view . . . is that Fed. R. Evid. 615(2) has severely curtailed the discretion of the trial court to sequester the government's case agent." Machor, 870 F.2d at 953 (1st Cir. 1989). Furthermore, given the factual complexity of this particular case involving thirty charged defendants and almost a full year Title III wiretaps, the presence of the case agent at counsel table is absolutely essential to the presentation of the government's evidence. See also United States v. Martin, 920 F.2d 393 (6th Cir. 1990)(government not required to call case agent as first witness).

Accordingly, the government should be permitted to the have the case agent at counsel table during the trial.

(2) Defendant's Motion to Preclude the Government From Presenting Jencks Material in the Presence of the Jury

Defendant's motion here is not necessary. First, the government will provide defendant (and for the most part has already done so) with all Jencks material in advance of trial. See Local Rule 117.1(A)(5). Defendant is thus not required to move for the production of Jencks act material in front of the jury. Defendant will already have such materials.

Second, the cases Defendant cites pre-date the Federal Rules of Evidence. In particular, the potential harm that the court in

Gregory cites is that the jury may receive the inference that the statements being handed over in front of them are prior statements that are consistent with the witness's testimony which, according to Gregory, are not admissible and hence prejudicial. United States v. Gregory, 369 F.2d 185, 191 (D.C. Cir. 1966). However, the Rules of Evidence today specifically provide that under certain circumstances prior consistent statements are admissible as substantive evidence and are not hearsay. Fed. R. Evid. 801(d)(1)(B). In other circumstances prior consistent statements, though not admissible as substantive evidence, are allowed to be used to rehabilitate a witness after cross-examination. See United States vs. Simonelli, 237 F.3d 19, 24-29 (1st Cir. 2001).

Therefore, a situation may arise during the trial that requires the government to show defense counsel for one or more of the defendants prior statements of a witness (which has already been produced) to either rehabilitate the witness or offer such evidence under Rule 801(d)(1)(B). Other defense counsel may want to view such evidence before the government seeks to introduce it. Accordingly, such a pretrial order is not necessary and does not account often unpredictable nature of presentation of evidence at trial.

(3) Defendant's Motion to Permit Joint Defense Objections

Lastly, defendant moves this court for an order permitting defense counsel to adopt the questions and objections or other

defense counsel in the same case. The government does not object to this motion given the large number of defendants in this case.

## Conclusion

Accordingly, the government does not object to defendant's motions, except that defendant's motion for an order preventing the government from presenting Jencks material in front of the jury should be denied as moot. The government also requests that the DEA case agent be permitted to remain at government counsel table during the trial.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney


By:     /s/ *Neil J. Gallagher, Jr.*
            Neil J. Gallagher, Jr.
            Assistant U.S. Attorney
            One Courthouse Way
            Boston, MA
            (617) 748-3397

Date: July 3, 2005