```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
                            )    CRIMINAL ACTION
    v.                      )
                            )    NO. 04-10299-11-PBS
HOWARD GREENBERG            )
                            )
                            )
```

## UNITED STATES' RESPONSE TO DEFENDANT'S RENEWED MOTION TO DISMISS INDICTMENT

The United States respectfully submits that defendant's motion to dismiss the indictment should be denied. A motion to dismiss the indictment cannot be based on the allegation that there is insufficient evidence to support the charges. Second, defendant's argument is without merit.

### I. Relevant Factual Summary

On July 31, 2003, in furtherance of a federal drug investigation, DEA began intercepting wire communications over a cell phone used by JOSE ROSALES, a.k.a. "Tony" pursuant to a court authorized Title III wiretap. In August 2003, DEA began intercepting cellular telephone calls of ROSALES' associates, VALENTIN MARTINEZ and MANUEL GERMOSEN, a.k.a "Kelvin Madera," a.k.a. "Manolo." These wire interceptions revealed evidence of an ongoing cocaine distribution organization headed by VALENTIN MARTINEZ. MARTINEZ employed a number of runners, including JOSE ROSALES and ROGELIO GARICA to deliver whole-sale quantities of cocaine to and collect drug proceeds from a number of individuals in the areas of Lynn, Peabody, and Revere.

One of the more frequent individuals who received whole-sale quantities of cocaine from this organization was defendant HOWARD GREENBERG. Based on intercepted phone calls between GREENBERG and JOSE ROSALES, GREENBERG regularly obtained whole-sale quantities of cocaine ranging from 125 grams, 62 grams, 28 grams (ounce), and 14 grams (half ounce). These intercepted calls also clearly indicated that GREENBERG was engaged in the business of selling cocaine to other individuals. Below are two examples.

During an intercepted call on August 8, 2003 (Call No. 335-TT#2), GREENBERG told ROSALES that he needed "14" (a half ounce of cocaine) and he needed it really fast, because this kid (a drug customer) was coming down from New Hampshire:

> ROSALES:  What do you need?
>
> HOWARD:   Uhm... I need fourteen (14), but I need it like really fast. This kid is coming down from New Hampshire.

During an intercepted call on January 27, 2004 (Call 656-TT#15), GREENBERG asked ROSALES for a "large amount" of cocaine for one of his "best clients." GREENBERG further stated that he had given this client a sample of cocaine earlier, and was doing this deal for only $200:

> HOWIE:    Listen, I got... one of my good clients, uh... needs, uh... a large amount. It's going to be real good. Can you help me out?
>
> ROSALES:  What do you say?
>
> HOWIE:    One of my... one of my best clients; right?
>
> ROSALES:  Okay.

```
HOWIE:     Needs something real good... so can you give
           me like the top of the, you know the good
           stuff, like you just did?

ROSALES:   Wow!

HOWIE:     What?

ROSALES:   Yeah, but I don't have it right now; you
           know?

HOWIE:     What do you got?

ROSALES:   The same, the same what I give you this
           morning.

HOWIE:     Yeah, as long as it's like that.  That's okay
           because I gave him a sample of that; you
           know.

ROSALES:   Okay.

HOWIE:     He said he take it.  I'm just doing it for
           like two hundred (200) bucks, you know.

ROSALES:   Okay.

HOWIE:     Can you bring me a sixty-two (62) and make
           sure there's nothing else in it.  No powder
           nothing.

ROSALES:   All right.

HOWIE:     Thanks man.

ROSALES:   Uh... are you ready for that?

HOWIE:     Yeah.
```

On May 1, 2004, at around 3:00 p.m., law enforcement agents arrested GREENBERG at his residence in Revere at 677 Revere Beach Blvd pursuant to a federal arrest warrant.  Upon entry into the residence, agents caught GREENBERG in the bathroom flushing down the toilet a substance which was later determined to be cocaine. After securing the residence, agents obtained a state search warrant from Chelsea District Court for the residence.  During the execution of the search warrant, agents found a digital

scale, a handwritten drug ledger, and several items which were consistent with the packaging and use of narcotics.

## II. Argument

Defendant's basic argument that there is insufficient evidence to convict. Defendant first argues since he only had contact with one member of the charged conspiracy - that is, he only dealt with and obtained cocaine from one individual member of the conspiracy which he thereafter redistributed - that there is insufficient evidence to convict. The motion should be denied for two reasons.

First, "a pretrial motion to dismiss the indictment cannot be based on a sufficiency of the evidence argument because such an argument raises factual questions embraced in the general issue." United States v. Ayarza-Garcia 819 F.2d 1043, *1048 (11th Cir. 1987); citing United States v. Mann, 517 F.2d 259, 267 (5th Cir.1975); United States v. King, 581 F.2d 800, 802 (10th Cir.1978); see United States v. Alfonso, 143 F.3d 772, 777 (2d Cir. 1998)(a challenge to the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment). In this case, defendant's only argument that there is insufficient evidence to convict him on the indictment. No challenge has been made to validity to the indictment.

Rule 12(b) of the Federal Rules of Criminal Procedure, governing pretrial motions, provides that "[a]ny defense, objection, or request which is capable of determination without

the trial of the general issue may be raised before trial by motion."  "The general issue in a criminal trial is, of course, whether the defendant is guilty of the offense charged."  <u>United States v. Doe</u>, 63 F.3d 121, 125 (2d Cir.1995).  Rule 12 is not intended to authorize "speaking motions" through which the truth of the allegations in an indictment are challenged.  <u>United States v. Greater Syracuse Bd. of Realtors, Inc.</u>, 449 F.Supp. 887, 899 (N.D.N.Y.1978) (challenge to sufficiency of allegations of effect on interstate commerce in criminal antitrust case).

    Second, defendant's argument lacks merit.  To prove the defendant knowingly joined the agreement, the government must show the defendant was aware of the "essential nature of the plan, and their connections with it," <u>United States v. Rivera-Santiago</u>, 872 F.2d at 1079, <u>quoting</u> <u>Blumenthal v. United States</u>, 332 U.S. 539,557 (1947).  The defendant does <u>not</u> have to be aware of all the details of the conspiracy or of all identities of the other conspirators.  <u>United States v. Guerra-Garcia</u>, 336 F.3d 19, 23 (1st Cir.), <u>cert. denied</u>, 540 U.S. 961 (2003).  So long as the defendant is aware that the conspiracy extends beyond his or her individual role, the knowledge element is met.  <u>Rivera-Santiago</u>, 872 F.2d at 1079.  In this case, there is no plausible argument that defendant believed that the distribution of cocaine began and ended with Jose Rosales; Rosales was simply the individual who delivered the cocaine.  Furthermore, the evidence at trial will include not just a handful of cocaine deliveries, but a

series of transactions, as often as a couple days of week, beginning in 2003 and continuing until May of 2004.

Furthermore, the question of whether the evidence at trial proves multiple lesser conspiracies or the single conspiracy charged in the indictment is a matter of fact for the jury to decide. United States v. Drougas, 748 F.2d at 17. However, in the First Circuit, a multiple conspiracy jury instruction is only required when "a reasonable jury could find more than one such illicit agreement, or could find an agreement different from the one charged," based on the evidence at trial. United States v. Balthazard, 360 F.3d 309, 315 (1st Cir. 2004); United States v. Brandon, 17 F.3d 409, 449 (1st Cir. 1994). Thus the trial court should allow a multiple conspiracy charge only when the finding of multiple conspiracies is a "plausible conclusion". United States v. Brandon, 17 F.3d at 450.

**Conclusion**

For the foregoing reasons, defendant's motion to dismiss the indictment should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ *Neil J. Gallagher, Jr.*
        Neil J. Gallagher, Jr.
        Assistant U.S. Attorney
        One Courthouse Way
        Boston, MA
        (617) 748-3397

Date: April 24, 2006

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Neil J. Gallagher, Jr.
Neil J. Gallagher, Jr.
