

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

June 28, 2006

Roger Witkin, Esq.
6 Beacon Street
Suite 1010
Boston, MA 02108

FILED
In Open Court
USDC, Mass.
Date 6-29-06
By _____
Deputy Clerk

Re:  United States vs. Howard Greenberg
     Criminal No. 04-10299-11-PBS

Dear Counsel:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Howard Greenberg ("Defendant"), in the above-captioned case. The Agreement is as follows:

  1.  Change of Plea

Defendant shall plead guilty to Count One of the above-captioned Second Superseding Indictment charging conspiracy to distribute cocaine in violation of 21 U.S.C. §846. Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crime charged in Count One in the Second Superseding Indictment, and is in fact guilty of that offense.

  2.  Penalties

Defendant acknowledges and agrees that Defendant has a prior conviction for a felony drug offense under 21 U.S.C. §841(b). Defendant further acknowledges and agrees that the government has timely filed an information pursuant to 21 U.S.C. §851 which provides notice that Defendant is subject to increased statutory penalties of 21 U.S.C. §841(b).

Defendant faces the following maximum penalties for One: a term of imprisonment of not more than life; a fi

to $8,000,000; a period of supervised release of at least 6 years up to life; and a $100 special assessment.

3.   Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum and mandatory minimum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005).  In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

With respect to the application of the United States Sentencing Guidelines:

(a)   The parties agree to take the position that the Defendant's base offense level, pursuant to U.S.S.G. §2D1.1(c)(7), is 24 because the offense charged in the Second Superseding Indictment involved at least 400 grams but less than 500 grams of cocaine which quantity represents the total amount involved in Defendant's relevant criminal conduct, including amounts Defendant distributed or possessed with intent to distribute and amounts distributed or possessed with intent to distribute by co-conspirators of Defendant pursuant to jointly undertaken criminal activity that was reasonably foreseeable by Defendant and within the scope of Defendant's conspiratorial agreement.

(b)   The parties agree to take the position that there should be no adjustment to the offense level for role in the offense under either U.S.S.G. §3B1.1 or §3B1.2, that no other adjustments are applicable, and that Defendant's adjusted offense level is 24.

(c)   Defendant reserves the right at sentencing to argue that the Guideline Sentencing Range is unreasonable in accordance with 18 U.S.C. §3553(a) and the Supreme Court's decision in United States v. Booker and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). The government will oppose any deviation from the Sentencing Guideline Range under, 18 U.S.C. §3553(a) and Booker and Fanfan.

(d) Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and

information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement; and/or

(j) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility

adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines other than as described above in paragraph 3 and neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines.

4. <u>Sentencing Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the District Court:

    (a) A term of incarceration within the applicable Guideline Sentencing Range;

    (b) A fine within the fine range unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

    (c) A mandatory special assessment of $100;

    (f) A term of supervised release of 6 years.

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which she intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

5. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. <u>Waiver of Appellate Rights</u>

Defendant has conferred with his attorney and understands that he has the right to challenge his sentence on direct appeal. Defendant agrees that he will not file a direct appeal of any

4

imprisonment sentence of 57 months or less. This provision is binding even if the Court employs a Guidelines analysis different from that set forth in this Agreement.

7. <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

8. <u>Information For Presentence Report</u>

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

9. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

10. <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

11. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime

following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

12.   Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Neil Gallagher.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: *[signature]*
LAURA J. KAPLAN
Chief, Organized and Violent
Crime Section

Neil J. Gallagher, Jr.
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this Agreement in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

HOWARD GREENBERG
Defendant

Date: 6/29/06

I certify that Defendant has read this Agreement and has had this Agreement read to him in his native language and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Roger Witkin, Esq.
Attorney for Defendant

Date: 6/29/06