## BOP Prisoners Eligible for Drug Treatment Without Documented History of Abuse

A U.S. District Court in Oregon found a federal prisoner was eligible for participation in a drug treatment program and a one-year sentence reduction upon successful completion of that program.

Martin Kuna, a prisoner at the Federal Correctional Institution, Sheridan, Oregon, filed a petition for writ of habeas corpus in U.S. District Court where he complained that the U.S. Bureau of Prisons (BOP) found him ineligible for a drug and alcohol abuse program and a one-year sentence reduction following the successful completion thereof.

Prior to being sentenced to federal prison, Kuna spoke with a probation officer who prepared his Pre-Sentence Investigation (PSI) report. Kuna admitted that he drank socially but was nevertheless denied eligibility for the substance abuse program because, according to BOP, the PSI revealed that Kuna drank alcohol only on a social basis.

On review, the court found that program eligibility criteria do not include verification of substance abuse or dependence, only written documentation that the prisoner used the substance for which treatment is sought. Kuna's PSI report documented that he drank alcohol and, said the court, that satisfied the eligibility criteria.

Kuna's petition was granted and the court found Kuna was eligible for sentence reduction upon completion of the drug treatment program. See: *Kuna v. Daniels*, 234 F. Supp.2d 1168 (D OR 2002).

Separately, a U.S. District Court in California ruled that the BOP abused its discretion when it denied a prisoner access to drug treatment because the prisoner's file did not show recent substance abuse.

James Mitchell, a prisoner at the BOP's Wackenhut operated Taft Correctional Facility in central California, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. He sought an order compelling the BOP to grant him eligibility to participate in a 500-hour Residential Drug Abuse Program (RDAP). Earlier, Mitchell had completed a questionnaire and admitted to using alcohol daily, marijuana more than once a week, and cocaine more than once a week. A substance abuse counselor diagnosed Mitchell with "substance abuse or dependence."

Thereafter, the BOP advised Mitchell he was ineligible for the RDAP because of a lack of documentation of drug abuse within the 12 months prior to incarceration. Mitchell argued that there was no BOP rule or policy that substance abuse must have occurred during the 12-month period immediately preceding arrest.

The court found that "any written documentation in the inmate's central file which indicates the inmate used the same substance for which a diagnosis of abuse or dependence was made . . . shall be accepted as verification of a drug abuse problem."

The court granted Mitchell's petition and ruled that denying Mitchell admission to the RDAP was unreasonable and arbitrary and an abuse of the BOP's discretion. The matter was remanded to the BOP for reconsideration of Mitchell's eligibility to enter the RDAP. See: *Mitchell v. Andrews*, 235 F.Supp.2d 1085 (ED CA 2001).

## Oregon Contraband Conviction Reversed

The Oregon Court of Appeals reversed a prisoner's conviction for supplying contraband, finding that there was insufficient evidence to sustain the conviction.

Jose Hernandez, a prisoner at the Umatilla County jail, was found in possession of a powdery substance which was later determined to be the prescription antidepressant, Doxepin, which was controlled by jail nursing staff.

Hernandez did not have a prescription for Doxepin and he was charged under ORS 162.185, with and convicted of supplying contraband.

On appeal, the court interpreted the supplying contraband statutes as requiring two separate elements for an item to be considered "contraband": (1) its possession must be prohibited by statute, rule or order; and (2) its use must endanger the safety or security of the institution or persons therein.

Applying that definition to the Doxepin, the court found that while the State's evidence addressed the first prong of the statute, "[t]here was no evidence about the effects of Doxepin or how it would be dangerous to the safety or security of the institution or any person therein." As such, the court concluded that the trial court erred in denying Hernandez's motion for judgment of acquittal. See: *State v. Hernandez*, 186 Or.App. 86, 61 P.3d 951 (Or. App. 2003).